ON RETURN TO REMAND

MeMILLAN, Judge.
This cause was remanded to the trial court with instructions to conduct a hearing on the appellant’s allegation on his Rule 32, Ala. R.Crim.P., petition that his counsel was ineffective and to thereafter make specific findings of fact in accordance with Rule 32.9(d), Ala.R.Crim.P.
The trial court, having complied with those instructions, has issued the following findings of fact:
“On December 8, 1993, the defendant appeared in court, represented by counsel, Jene W. Owens, Jr. This court ascertained that the defendant understood his constitutional rights, that he understood the nature of the crime charged and the consequences of the guilty plea. The court ascertained that the defendant understandingly and voluntarily waived such constitutional rights. Based on the foregoing, the plea was accepted. Defendant was adjudged guilty of burglary third degree and was sentenced to the state penitentiary for the term of 18 years. At that time, the court received into evidence a motion to enter a guilty plea, commonly called an Ireland form, which was signed by the defendant and his attorney of record and also a notice of intent to plead guilty, which was likewise signed by the defendant and his attorney of record. The court conducted extensive colloquy with the defendant regarding his plea.
“Petitioner claims his counsel was ineffective in that counsel failed to file a speedy trial motion in this cause. The court finds that the speedy trial claim would have been and is hereby DENIED. The offense occurred on April 27, 1993, at approximately 3:40 a.m. The petitioner was arrested on the same day. The preliminary hearing was set for May 18,1993, when the defendant waived the cases to the Grand Jury. The Grand Jury returned an indictment in June 1993, and this case came to trial on December 8, 1993.
“Petitioner claims further that his counsel was ineffective because the state did not have any witnesses in court the day he pleaded guilty. This court finds that that claim is not one upon which relief can be granted and is not cognizable under Rule 32, A.R.Crim.P. Defendant claims further that the state coerced his attorney in order for him to plea guilty. This court finds that there was no evidence presented as to that claim and finds that that claim likewise is not cognizable under Rule 32, A.R.Crim.P.
“The matters raised by the defendant do not constitute newly discovered evidence of a material fact which would require that the conviction be vacated. If the facts, as claimed by the defendant, had been known at the time of the plea, and the sentencing, the results would have been the same. The facts established that the conviction was based on credible evidence that the defendant is guilty of the crime of which he was convicted. Had these facts been presented in a proper post trial motion or on appeal, it is likely that relief would not have been granted.”
Given these findings of fact, the appellant’s ineffective assistance of counsel claim must fail. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, the appellant’s arguments underlying his ineffective assistance claims are precluded from review pursuant to Rule 32.2(a), Ala.R.Crim.P.
The judgment of the trial court is affirmed. AFFIRMED.
All Judges concur.